# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-586-BMJ |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kevin Russell, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding he was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 16], and both parties have briefed their respective positions.[1] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

## I.  Procedural Background

On February 6, 2013, Plaintiff protectively filed an application for disability insurance benefits (DIB). *See* AR 15. The Social Security Administration denied the application initially and on reconsideration. AR 120, 148. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated April 1, 2016. AR 12-34. The Appeals Council denied Plaintiff's request for review. AR 7-11. Thus, the decision of the ALJ became the final decision

---

[1] Citations to the parties' submissions reference the Court's ECF pagination.

of the Commissioner. *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff seeks judicial review of this final agency decision.

## II.    The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. § 404.1520. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since July 15, 2013, the amended alleged onset date. AR 17.

At step two, the ALJ determined Plaintiff suffered from the severe impairments of diabetes, chronic neck and back pain, major depressive disorder, dysthymic disorder, and morbid obesity. AR 17-18.[2] At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 18-20.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] can occasionally stoop, crouch, and kneel. He is able to understand, remember and carry out simple instructions, but not detailed instructions.

AR 20-26. The ALJ determined Plaintiff was unable to perform any past relevant work. AR 26. Relying on the testimony of a vocational expert, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform—production solderer, mail clerk, and storage rental clerk. AR 27-28. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 28.

---

[2] The ALJ also found Plaintiff had non-severe impairments of dry eye syndrome and hepatitis C. AR 18. Further, the ALJ found that Plaintiff's rheumatoid arthritis was a non-medically determinable impairment. *Id.*

2

### III. Issues Presented for Judicial Review

Plaintiff contends the ALJ did not appropriately weigh the opinion evidence or consider probative evidence. Further, Plaintiff argues the ALJ erred in her credibility analysis. The Court finds the ALJ erred by failing to consider probative evidence and not addressing the opinion of a medical source. The Court does not reach the merits of Plaintiff's credibility argument.

### IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

V.  **Analysis**

   A.  **The ALJ Failed to Consider Probative Evidence Regarding Plaintiff's Ability to Reach Overhead**

Plaintiff argues the RFC is flawed because the ALJ did not properly consider the opinion of Donald Guthrie, a nurse practitioner.[3] Because Mr. Guthrie is a nurse practitioner, his opinion is considered an "other source" opinion. *See* 20 C.F.R. §§ 404.1502; 1513(d)(1); *see also* SSR 06-03p, 2006 WL 2329939 at *2. Evidence from other sources may be used "to show the severity of the individual's impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 WL 2329939 at *2. The factors for weighing opinions of acceptable medical sources set forth in 20 C.F.R. § 404.1527(d) apply equally to other source opinions. *Id.* at *4. As such, an ALJ must explain the weight given to other source opinions in a way sufficient to allow a "subsequent reviewer to follow the [ALJ's] reasoning." *Id*. at *6.

The ALJ summarized Mr. Guthrie's opinion from a medical source statement dated August 28, 2013, and discussed the weight given to it as follows:

> In August 2013, Donald Guthrie, PA-C, opined that [Plaintiff] could perform work at the light exertional level, stand and walk for at least two hours, and sit for less than four hours. Mr. Guthrie also opined that [Plaintiff] should alternate sitting and standing, and that [Plaintiff] had postural, manipulative and environmental limitations. The opinion of Mr. Guthrie is given partial weight. While the record supports light work and some postural limitations, the record does not support the extent of limitations assessed by Mr. Guthrie. Additionally, medical records and physical examinations since the date of Mr. Guthrie's opinion demonstrate improvements in [Plaintiff's] function over time.

---

[3] The treatment records reflect that Mr. Guthrie is a nurse practitioner, AR 495, while the medical source statement identifies Mr. Guthrie as a physician assistant. AR 647. The Court will therefore refer to Mr. Guthrie as a nurse practitioner throughout the opinion. Regardless of which designation is appropriate, Mr. Guthrie is considered an "other source." *See* SSR 06-03p, 2006 WL 2329939 at *2. New regulations which consider licensed advanced practice registered nurses and licensed physician assistants to be acceptable medical sources apply only to claims filed after March 27, 2018. 20 C.F.R. § 404.1502(a)(7), (8).

AR 24, 647-648 (internal citations omitted). Among these opinions was a determination that Plaintiff could reach less-than occasionally. AR 648. Plaintiff asserts the ALJ failed to explain how Mr. Guthrie's opinion was unsupported by the record—a claim Plaintiff contends is not supported by the evidence.

Plaintiff further contends the ALJ failed to discuss the report of Dr. Kevin Teal, M.D., which contains probative evidence supporting Mr. Guthrie's opinion.[4] Dr. Teal saw Plaintiff in April 2013 for a review of his MRI results. Pl.'s Br. 16; AR 504-507. Plaintiff notes in his brief that Dr. Teal found him "to have pain and limited range of motion of the lumbar spine, reduced strength of the upper extremities, an inability to lift his arms above shoulder level, weakness of the triceps, flexion weakness of the fingers, extension weakness of the fingers 3+/5 on the right, and an antalgic gain." Pl.'s Br. 16 (*citing* AR 506-507). Dr. Teal's finding that Plaintiff could not raise his arm above his shoulders is of particular significance. AR 504 (". . . [plaintiff] has stiffness that prevents using arms above his head."); AR 506 ("Not able to lift arms above shoulder level."). The ALJ did not reference Dr. Teal or his finding that Plaintiff could not raise his shoulders in the decision.[5] The finding appears consistent with Dr. Guthrie's opinion that Plaintiff could only reach

---

[4] The Commissioner does not address Plaintiff's argument regarding Dr. Teal's records in her response brief.

[5] Without stating his name, the ALJ cited one page from Dr. Teal's report—along with records from other providers—in support of the statement that "[t]reatment notes from 2013 reveal decreased range of motion due to pain in his back, as well as cervical and shoulder pain." AR 21 (*citing* AR 505). The ALJ did not reference the specific functional limitation found by Dr. Teal— Plaintiff's inability to lift his arms above his shoulders.

with both of his arms "less than occasionally." AR 648.[6] As such, the failure to consider the finding that Plaintiff could not raise his arms above his shoulders amounts to error. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (holding an ALJ "must discuss the uncontroverted evidence he chooses not to rely on as well as significantly probative evidence he rejects").

The Court also notes, as Plaintiff argues, that the ALJ failed to weigh the opinion of Dr. Teal with regard to this functional limitation. The ALJ's duties include evaluating all medical opinions in the record, assigning weight to each opinion, and discussing the weight given to each. *See* 20 C.F.R. § 404.1527(c); *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). The ALJ's failure to weigh a medical opinion can be considered "harmless" only if, "there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity." *Mays v. Colvin*, 739 F.3d 569, 578–579 (10th Cir. 2014). Here, the RFC does not include a limitation as to Plaintiff's ability to reach—overhead or otherwise. As such, the error is not harmless.

The error is not harmless for another reason—the occupations identified by the ALJ require frequent reaching. *See* DICOT, 813.684-022, 1991 WL 681592 (solderer); DICOT, 209.687-026, 1991 WL 671813 (mail clerk); DICOT, 295.367-026, 1991 WL 672594 (storage-facility rental clerk). Reaching is considered to be "extending the hands and arms in any direction." SSR 85-

---

[6] The opinion also appears consistent with Plaintiff's testimony that he could not frequently reach with his arms. AR 58. Although the ALJ found the extent of Plaintiff's impairments were not corroborated by the record, the decision does not reference Plaintiff's testimony regarding reaching or denote portions of the record which are inconsistent with Plaintiff's testimony regarding reaching.

Further, the opinion is consistent with the state-agency medical consultants who determined Plaintiff was "limited overhead in bilat arms." AR 127, 142. The ALJ rejected this opinion, finding "the overall evidence of record does not support limitations on [Plaintiff's] ability to reach overhead." But, the ALJ did not consider the finding of Dr. Teal, which would support the limitation.

15, 1985 WL 56857, at *7.[7]  Thus, if the ALJ had properly considered the evidence and opinions, she may have found Plaintiff had a reaching restriction precluding the ability of Plaintiff to perform those occupations.  As a result, the matter is reversed and remanded on these grounds.

B. **Other Arguments Related to Mr. Guthrie's Opinion Do Not Amount to Error**

Although the Court determines remand is appropriate for the reasons stated above, other arguments made by Plaintiff regarding his back and neck conditions are unavailing.  The Court briefly addresses these arguments.

Plaintiff asserts remand is required because the ALJ did not cite specific examples of inconsistencies between Mr. Guthrie's opinion and the record.  While it is true that the ALJ did not list specific examples alongside her discussion of how much weight given to Mr. Guthrie's opinion, she cited examples of "subsequent examinations [that] reveal improvements with medication and treatment" earlier in the decision.  AR 21-22.  These records addressed many of Plaintiff's asserted limitations (but not reaching).

Plaintiff also argues Mr. Guthrie's treatment notes are consistent with his own opinion because they document Plaintiff's history of shoulder, cervical, and lumbar pain, his August 2014 diagnosis of chronic pain, and the prescription of narcotic pain medication.  Pl.'s Br. 14-15, 18.  With regard to the cervical and lumbar pain, however, the ALJ considered Mr. Guthrie's treatment notes in the decision and noted the diagnosis of issues with the cervical and lumbar spine.  AR 21

---

[7] The Court is aware of an unpublished Tenth Circuit case in which the court found a Plaintiff who was limited to occasional overhead reaching could perform an occupation identified by the *Dictionary of Occupational Titles* as requiring frequent reaching.  *Segovia v. Astrue*, 226 F. App'x 801, 804 (10th Cir. 2007) (unpublished).  In that case, however, the VE was aware of a limitation on overhead reaching.  *Id.*  Here, the ALJ determined Plaintiff could not perform any work in the hypothetical limiting him to only occasional reaching.  AR 72.

7

(*citing* AR 689). The ALJ also cited an October 2014 record that Plaintiff's medication was effective at controlling pain.[8] AR 22 (*citing* AR 701).

Plaintiff also contends his records with Dr. Mark A. Diehl, M.D., show his functioning did not improve over time as the ALJ asserted. Pl.'s Br. 17. The ALJ, however, cited these medical visits and addressed their contents. AR 22. In essence, Plaintiff asks the Court to reweigh the evidence—conduct this Court cannot engage in. *See Bowman*, 511 F.3d at 1272.

Plaintiff also contends the ALJ failed to consider an MRI result that supports Mr. Guthrie's opinion. Pl.'s Br. 15-16. But the ALJ did cite the MRI in the decision. AR 22 (*citing* AR 522). Plaintiff asserts "the ALJ referred to and summarized only the x-ray of the lumbar spine and never acknowledged the findings on the MRI," Pl.'s Br. 15, n.4, but that assertion is incorrect. The ALJ cited an MRI and x-ray as support for a sentence noting degenerative disc disease, mild disc space height loss, and suspected early facet arthrosis. AR 22 (*citing* AR 522, 529). The impression of degenerative disc disease appears on the MRI only while the other impressions are included on the x-ray report. AR 522, 529. Thus, to the extent the MRI constitutes uncontroverted or significantly probative evidence, the ALJ did not err because it is clear she discussed the MRI in the decision.

The Court finds Plaintiff's arguments regarding the ALJ's consideration of his back and neck are unfounded.

---

[8] The record from October 8, 2014, notes narcotic pain medication. AR 701. Mr. Guthrie was the provider Plaintiff visited on that date. AR 692.

### C. The Court Does Not Reach Plaintiff's Remaining Points of Error

The Court does not address Plaintiff's credibility argument because the ALJ's analysis may be affected on remand after the ALJ properly considers the evidence.[9] *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (finding the court need not reach the merits of claims that "may be affected by the ALJ's treatment of the case on remand").

## VI. Conclusion

For the reasons set forth, the Court reverses the decision of the Commissioner and remands the matter for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 14th day of March, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

---

[9] On remand, the ALJ should evaluate Plaintiff's symptoms pursuant to SSR 16-3p, which superseded 96-7p for all decisions made after March 28, 2016. SSR 16-3, 2017 WL 5180304, at *1.